IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


COREY DURAN STEWARD                                                    PLAINTIFF


        V.                    CIVIL NO. 2:14-cv-02201-PKH-MEF


DEPUTY DONALD KING;
SGT. TAULBEE; CAPT. DEVANE; and,
JOHN DOE ADMINISTRATORS                                             DEFENDANTS


            **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        This is a civil rights action filed by the Plaintiff, Corey Duran Steward, pursuant to 42 U.S.C.

§ 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC")

Cummins Unit. The Complaint concerns his time of incarceration in the Sebastian County Detention

Center.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P. K.

Holmes III, United States District Judge, referred this case to the undersigned for the purpose of

making a report and recommendation.

        Currently before the Court is Defendants' Motion to Dismiss. (Doc. 11) Plaintiff did not

respond to the Motion to Dismiss.  After careful consideration the Court makes the following Report

and Recommendation.

**I.      BACKGROUND**

        Plaintiff filed his Complaint on August 28, 2014 in the Eastern District of Arkansas.  (Doc.

2)  The Eastern District properly transferred the case to this Court on September 22, 2014.  (Doc.

                                          1

4)   In his Complaint, Plaintiff names Defendants Devane, King, Taulbee, and unnamed "Jail Administrators" in both their official and individual capacities.  (Doc. 2)

Plaintiff alleges that on November 8, 2013, he was assaulted by another inmate and suffered "bodily harm."  He specifically mentions a "busted nose" which bled, and for which he did not receive medical treatment for weeks. (Doc. 2, p. 4)   Plaintiff states this assault occurred when Defendant King mistakenly let a violent segregation inmate into the general jail population.  (Doc. 2, p. 4-5) Plaintiff states he filed several grievances which were never addressed, but only forwarded to Defendant Taulbee. (Doc. 2, p. 5)  He alleges Defendant Taulbee "ignored information about a constitutional wrongdoing and failing to react to an health or safety problem." [sic] (Doc.  2, p. 5) He further alleges that he requested copies of his grievances, but was denied those copies. (Doc. 2, p. 3)

Plaintiff requests monetary damages.  (Doc. 2, p. 6)

Defendants filed their Motion to Dismiss on February 13,  2015.  (Doc. 11)  Defendants argue the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 11, p. 1)

## II.   APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.   DISCUSSION

Defendant argues this case should be dismissed for three reasons: (1) Plaintiff's individual capacity claims against Defendants King and Taulbee, at most, state only negligence regarding the assault; (2) Plaintiff cited no personal involvement by Defendant Devane; and, (3) Plaintiff did not state that Sebastian County has an unconstitutional custom or policy which violated his rights. Defendants do not address the denial/delay of medical care claim.

Under § 1983, a defendant may be sued in either his individual capacity, or his official capacity, or in both.  In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998).  An official capacity claim against Defendant is essentially a claim against Sebastian County.  "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's

constitutional rights.  *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

      **A.**    **Official Capacity Claims**

Plaintiff has not made any allegations or presented any facts showing that Sebastian County had a policy or custom of releasing violent segregated inmates into the general population.  Nor has he made any allegations or presented any facts that Sebastian County habitually denied or delayed medical care to inmates.

      **B.**    **Individual Capacity Claim: Failure to Protect**

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners.  *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victims's safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

To prevail on his failure to protect claim, Plaintiff must satisfy a two prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm;" and, (2) show that prison officials were "deliberately indifferent [to his] health or safety."  *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted).  The first prong is an objective requirement  to ensure the deprivation is a violation of a constitutional right.  *Id.*  The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'"  *Id. (quoting Farmers,* 511 U.S. at 837).  "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007).  Negligence alone is insufficient

to meet the second prong; instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted).  Further, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

In this case, Plaintiff repeatedly characterized Defendant's King's actions in releasing the violent inmate as a "mistake."  A mistake, by definition, does not rise to the level of deliberate indifference or reckless disregard.[1]  Nor does Plaintiff state any facts which might be interpreted as something more, or which might permit the Court to infer he was inadvertently using the incorrect word to describe the situation.

Additionally, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978).  Plaintiff makes no allegations nor states any facts which indicate Defendants Devane and Taulbee had anything to do with the release of the violent inmate into the general population on the day he was  injured.  He does allege that he filed grievances after the fact of the assault, which were forwarded to Defendant Taulbee.  However, he does not allege that he was injured by another assault after he filed the grievances.  Thus, Plaintiff asks the Court to use post-injury knowledge of an assault to support liability for failure to protect. This cannot be done.

### C.      Individual Capacity Claim: Denial or Delay of Medical Care

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate

---

[1] A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." *Black's Law Dictionary*, p. 1017 (Bryan A. Garner, ed., 7th ed. 1999).

indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff alleges he was injured by the assault, and that injury included a bleeding and broken nose. Plaintiff alleges that medical care for his injuries from the assault were delayed for weeks. Based on Plaintiff's allegations, it could be inferred that Defendant King was present at the time of the assault. Bleeding injuries should be obvious to even a layperson. He further alleges he filed

6

grievances, appealed his grievances, and was denied copies of the grievances he filed using the kiosk. He states those grievances dealt with a "health and safety problem" and were forwarded to Defendant Taulbee. Defendants do not address the medical care claim, and neither party has submitted copies of the grievances. Plaintiff stated that he filed grievances and was denied copies of them. Taken as true, Plaintiff's statements, combined with the lack of response on the part of the Defendants, permits at least facial plausibility for denial or delay of medical care.

However, based on Plaintiff's submitted allegations and statements of facts, Defendant Devane was not involved in or aware of the denial of medical care. Therefore, as with the failure to protect claim, he may not be held liable solely under the theory of *respondeat superior*.

## IV.   CONCLUSION

Accordingly, I recommend that Defendants' Motion to Dismiss (Doc. 11) be **GRANTED IN PART** and **DENIED IN PART**.

I recommend that Defendants' Motion to Dismiss (Doc. 11) be **GRANTED** as to all Plaintiff's official capacity claims, and as to his individual capacity failure to protect claims against all Defendants, and that those claims should be dismissed without prejudice. I further recommend that the Motion to Dismiss be **GRANTED** as to Plaintiff's individual medical care claim against Defendant Devane, and that claim should also be dismissed without prejudice.

I recommend that Defendants' Motion to Dismiss (Doc. 11) be **DENIED** as to Plaintiff's remaining medical care claim, and that claim should remain pending for further consideration against all remaining Defendants.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

7

objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this **19th day of June 2015.**

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

8